UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFRED MORRIS, TERRELL GARDNER and
ANDRE HENRY, Individually and on Behalf of
All Others Similarly Situated,

                            Plaintiffs,

      -against-

LETTIRE CONSTRUCTION, CORP.,
LETTIRE BUILDERS, INC., LETTIRE 124TH
STREET, LLC, URBAN BUILDERS
COLLABORATIVE, LLC, NICHOLAS
LETTIRE and GERARD LETTIRE, Jointly and
Severally,

                         Defendants.

No. 12-CV-43 (NRB) (DCF)

**Oral Argument Requested**

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

VENABLE LLP
Michael J. Volpe
Nicholas M. Reiter

Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
t: (212) 307-5500
f: (212) 307-5598

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

III. ARGUMENT ...........................................................................................................4

    A. The Two-Step Approach for Certification under the Fair Labor Standards Act.................4

    B. The Named Plaintiffs do not Meet Their Burden for Distribution of the Proposed Notice ................................................................................................................5

        1. The Named Plaintiffs Cannot Meet Their Burden for Laborers or Foremen who Began their Employment in or after April 2010 ....................................6

        2. The Named Plaintiffs Cannot Meet Their Burden for Laborers or Foremen of whom they have no Personal Knowledge .......................................7

    C. The Proposed Notice and Consent Form Must be Modified ...............................11

    D. Sixty Days is a Sufficient Notice Period ...........................................................12

    E. Completed Consent Forms Should be Delivered to the Clerk of the Court .....................13

    F. Distribution of the Proposed Reminder Letter is Completely Unwarranted ....................14

    G. Request for the Opportunity to Confer with the Named Plaintiffs ....................................14

IV. CONCLUSION ..........................................................................................................15

# TABLE OF AUTHORITIES

Page

**<u>Cases</u>**

*Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901(CM)(LMS), 2007 WL
  1552511 (S.D.N.Y. May 29, 2007) ......................................................................8

*Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223
  (S.D.N.Y. May 13, 2009)....................................................................................12

*Bowens v. Atl. Main. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) ................................13

*Diaz v. S & H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676(PGG), 2012 WL
  137460 (S.D.N.Y. Jan. 18, 2012) .................................................................. 12, 13

*Fang v. Zhuang*, No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197 (E.D.N.Y.
  Dec. 1, 2010)......................................................................................................13

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y.
  2003)..................................................................................................................13

*Hallissey v. Am. Online, Inc.*, 999 Civ. 3785(KTD), 2008 WL 465112 (S.D.N.Y.
  Feb. 19, 2008) ....................................................................................................13

*Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285(DAB), 2011 WL 4001072
  (S.D.N.Y. Aug. 25, 2011) ...................................................................................13

*Hart v. Holtzman*, 215 A.D.2d 175 (1st Dep't 1995) .................................................6 n.2

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997).........................................5

*Khan v. Airport Mgmt. Servs., LLC*, No. 10 Civ. 7735(NRB), 2011 WL 5597371
  (S.D.N.Y. Nov. 16, 2011) .................................................................................7, 15

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)..................8, 9

*Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 WL 22533428
  (S.D.N.Y. Nov. 6, 2003) .......................................................................................8

*Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 317984 (E.D.N.Y.
  Feb. 1, 2011) .............................................................................................. 7, 9, 14

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ...................5

*In re Milos Litig.*, No. 08 Civ. 6666(LBS), 2010 WL 199688 (S.D.N.Y. Jan. 11,
  2008)..................................................................................................................13

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ...................................................................4, 5

*Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820(LTS)(THK), 2011 WL
    2693712 (S.D.N.Y. July 11, 2011).........................................................................................7

*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) .....................13

## <u>Statutes</u>

29 U.S.C. § 201 *et seq.*..................................................................................................................4

29 U.S.C. § 216(b) .........................................................................................................................5

N.Y. Labor Law § 220(2) & (3).................................................................................................6 n.2

Defendants Lettire Construction, Corp., Lettire Builders, Inc., Lettire 124th Street, LLC, Urban Builders Collaborative, LLC, Nicholas Lettire, and Gerard Lettire (collectively "Defendants"), by their attorneys, Venable LLP, respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and Authorize Notice to be Issued to all Persons Similarly Situated (Dkt. No. 17) ("Motion for Conditional Certification").

## I. **PRELIMINARY STATEMENT**

Plaintiffs Alfred Morris, Terrell Gardner, and Andre Henry (the "Named Plaintiffs") simply overreach. Rather than limit the scope of their proposed notice to those potential plaintiffs of which they have personal knowledge, they ask that this Court presume the existence of a company-wide policy of failing to pay overtime wages. Even assuming *arguendo* the veracity of the statements within the Named Plaintiffs' declarations, which Defendants vehemently deny, this evidence is limited to the Named Plaintiffs and their fellow laborers and foremen who worked on at least one of the same four construction sites as themselves. There is no evidence as to the work hours or receipt of wages for laborers or foremen who never worked at any of the same construction sites as the Named Plaintiffs. Accordingly, the Named Plaintiffs fall short of even their modest evidentiary burden for conditional certification to the extent that they seek distribution of a collective action notice to *all* laborers and foremen, including those for which they lack personal knowledge as to Defendants' assignment of overtime hours or payment of overtime wages.

For the foregoing reasons, which are set forth more fully below, Defendants respectfully request that the Motion for Conditional Certification is granted only as to those laborers and foremen who worked at one or more of the same construction sites as the Named Plaintiffs and denied as to all other current and former employees.

## II. <u>STATEMENT OF FACTS</u>

Brothers Nicholas and Gerard Lettire founded Defendant Lettire Construction, Corp. ("Lettire") in 1980.  Declaration of Nicholas Lettire ("Lettire Decl."), ¶ 2.  Lettire, through its development arm, Defendant Urban Builders Collaborative, LLC, operates a construction and urban development business located in East Harlem, New York.  Lettire Decl., ¶ 3.  Defendants specialize in building affordable special needs multi-family housing and mixed-use buildings throughout the Tri-State area.  *Id.*

Defendants presently employ approximately 35 employees, half of whom work at Defendants' offices in East Harlem and the other half of whom work amongst Defendants' several active construction sites. *Id.*, ¶ 4.  On-site employees include laborers, foremen, and supervisors.  *Id.*, ¶ 5.  Laborers and foremen are typically responsible for the performance of construction work, whereas project managers and supervisors are charged with recordkeeping, compliance with applicable safety rules and regulations, and ensuring that projects are completed according to schedule, among other managerial responsibilities.  *Id.*, ¶¶ 6-7.

At different times between August 2009 until November 2011, each of the Named Plaintiffs worked as either a laborer or foreman at one or more of the following construction sites: 1490 Dumont Avenue, Brooklyn, New York ("Dumont"); 245 East 124th Street, New York, New York ("East 124th Street" a/k/a the "Tapestry Project"); 700 Brook Avenue, Bronx, New York ("Via Verde"); and 2240 Washington Avenue, Bronx, New York ("Washington" a/k/a "Project Renewal").  *See* Exs. E, F, G to the Declaration of Nicholas M. Reiter ("Reiter Decl.");[1]

---

[1] Exhibit E to the Declaration of Nicholas M. Reiter reflects the time entry report for Named Plaintiff Alfred Morris. Although his first time entry is for the pay period ending on September 9, 2009, Named Plaintiff Alfred Morris began his employment on or about August 24, 2009.  *See* Morris Decl., ¶ 1.  Accordingly, there are two time entries for the pay period ending on September 9, 2009, which reflect his hours worked during his first two weeks of employment.

*see also* Morris Decl., ¶ 3; Gardner Decl., ¶ 3; Henry Decl., ¶ 3.  The following chart illustrates the relatively limited scope of each Named Plaintiff's employment with Defendants:

| Named Plaintiff | Position | Employment Period | Construction Sites |
|---|---|---|---|
| Alfred Morris | Foreman | 8/24/2009 – 11/30/2011 | Dumont<br>East 124th Street<br>Via Verde<br>Washington |
| Terrell Gardner | Laborer | 1/7/2010 – 4/6/2011 | Dumont<br>East 124th Street<br>Via Verde |
| Andre Henry | Laborer | 1/7/2010 – 5/5/2010 | East 124th Street |

Exs. E, F, G to Reiter Decl.

Like many businesses, Defendants' supervisors generally endeavor to avoid scheduling their employees for work hours beyond 40 hours per week unless necessary.  Lettire Decl., ¶ 8. On occasion, circumstances arise at individual construction sites which call for foremen and laborers to work overtime hours.  *Id.*, ¶¶ 9-10.  However, such circumstances are specific to each construction site.  *Id.*  For instance, an upcoming deadline at one or more construction sites may require supervisors to schedule overtime hours for those laborers and foremen assigned to such sites as the deadline approaches.  *Id.*

Contrary to the Named Plaintiffs' assertions, Defendants never had a company-wide policy of failing to pay overtime wages.  *Id.*, ¶ 12; *see* Declaration of Jose Almodovar ("Almodovar Decl."), ¶ 10; Declaration of Dario Benitez ("Benitez Decl."), ¶ 10; Declaration of Manuel Paz ("Paz Decl."), ¶ 10; Declaration of Radames Santana ("Santana Decl."), ¶ 10. Multiple laborers who worked at construction sites other than those at which the Named Plaintiffs worked are willing to testify that they rarely were scheduled to work beyond 40 hours per week, and when required to do so, that they always received one-and-one-half their hourly

wage. Almodovar Decl., ¶¶ 5-11; Benitez Decl., ¶¶ 5-11; Paz Decl., ¶¶ 5-11; Santana Decl., ¶¶ 5-11. Defendant Nicholas Lettire also never stated to Named Plaintiff Alfred Morris that Lettire did not pay overtime wages. Lettire Decl., ¶ 13.

## III. <u>ARGUMENT</u>

The Motion for Conditional Certification, which is based entirely upon the individual experiences of the Named Plaintiffs, must be denied to the extent it seeks distribution of a collective action notice to employees of which the Named Plaintiffs lack any personal knowledge. The only evidence which supports an alleged failure to pay overtime wages consists of either the Named Plaintiffs' personal experiences or their individual observations of fellow laborers who worked alongside them at the same construction sites. *See* Morris Decl., ¶¶ 7-8; Gardner Decl., ¶¶ 7-8; Henry Decl., ¶¶ 7-8. Accordingly, the Named Plaintiffs have not met their evidentiary burden to the extent they claim that they are similarly situated with all laborers and foremen who worked at any of Defendants' construction sites from January 4, 2009 to the present. Without more evidence, the Named Plaintiffs are, at most, entitled to distribution of a collective action notice to all laborers and foremen who worked at one or more of the same construction sites as themselves.

### A. The Two-Step Approach for Certification under the Fair Labor Standards Act

The Second Circuit has adopted a two-step approach for certification of a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). At the first stage, which is commonly dubbed "conditional certification," the court considers whether the named plaintiffs and the potential opt-in plaintiffs are "similarly situated." *Id*.; 29 U.S.C. § 216(b). Although the term "similarly situated" is undefined in the FLSA, named plaintiffs will satisfy their evidentiary

burden so long as they make "a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (internal quotations and citations omitted); *see also Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).   Once this evidentiary burden is met, the court will order notice of the collective action to the similarly situated potential plaintiffs.   *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).   At the second stage of the certification process, following additional discovery, the court will determine whether those plaintiffs who joined the action are in fact similarly situated to the named plaintiffs, and if not, will decertify the collective action.   *Myers*, 624 F.3d at 555.

**B.  The Named Plaintiffs do not Meet Their Burden for Distribution of the Proposed Notice**

The proposed notice goes too far to the extent it applies to "*[a]ll* current and former labor foreman [sic] and general laborers . . . who worked for Defendants *at any time*" from January 4, 2009 through the date of notice.   *See* Proposed Notice, Ex. F to Pelton Decl., Dkt. No. 19-6, at 1 (emphasis added).   As a preliminary matter, the Named Plaintiffs concede that Defendants at least paid overtime wages beginning in April 2010.   *See* Compl., Dkt. No. 1, ¶¶ 45, 53, 61, 72, 76; Morris Decl., ¶ 5; Gardner Decl., ¶ 5; Henry Decl., ¶ 5.   Therefore, all laborers and foremen who began their employment with Defendants in or after April 2010 are necessarily not similarly situated to the Named Plaintiffs for purposes of the putative FLSA collective action.   Moreover, the Named Plaintiffs' evidence consists entirely of their individual experiences while working at the Dumont, East 124th Street, Via Verde, and/or Washington construction sites.   *See* Morris Decl., ¶¶ 7-8; Gardner Decl., ¶¶ 7-8; Henry Decl., ¶¶ 7-8.   There is no evidence of overtime work performed at other construction sites, let alone evidence of unpaid overtime wages at such sites.   Accordingly, there is no evidentiary showing – modest or otherwise – to conclude that all

5

laborers and foremen, regardless of their employment periods, work locations, and the supervisors they worked for, are similarly situated to the Named Plaintiffs.

   *1. The Named Plaintiffs Cannot Meet Their Burden for Laborers or Foremen who Began their Employment in or after April 2010*

The Named Plaintiffs concede that Defendants began paying their laborers and foremen overtime wages in April 2010.  *See* Compl., ¶¶ 45, 53, 61, 72, 76; Morris Decl., ¶ 5; Gardner Decl., ¶ 5; Henry Decl., ¶ 5.  As a result, there is no dispute that none of the laborers or foremen who began their employment with Defendants in or after April 2010 were victims of a common policy or plan that violated the FLSA's overtime wages requirement.

The only alleged failure to pay overtime wages that the Named Plaintiffs claim to have occurred after April 2010 pertains to employees who worked on prevailing wage construction projects.  *See* Compl., ¶ 72.  However, these employees, too, are not similarly situated to the Named Plaintiffs.  The Named Plaintiffs do not, indeed they cannot, allege that any of the four construction sites at which they worked – Dumont, East 124th Street, Via Verde, and Washington – were prevailing wage construction projects.  *See* Exs. A, B, C, D to Reiter Decl.; Lettire Decl., ¶ 14.  Therefore, even if the allegation of unpaid prevailing overtime wages after April 2010 is true, which it is not, the Named Plaintiffs cannot meet their evidentiary burden to establish that they are similarly situated to these employees insofar as they themselves were never owed prevailing wages.  Furthermore, even if the Named Plaintiffs were somehow similarly situated to employees who worked on prevailing wage construction projects, the putative claim for prevailing overtime wages is not part of the federal law collective action.  *See* Compl., ¶¶ 25-29.[2]

---

[2] Construction workers are entitled to prevailing wages so long as two conditions are satisfied: (1) a public entity, such as the State, a public benefit corporation, or a municipal corporation, is a party to the construction contract; and (2) the construction contract concerns a public works project, i.e., the primary purpose of the contract is to benefit the public.  N.Y. Labor Law § 220(2) & (3); *see Hart v. Holtzman*, 215 A.D.2d 175, 176 (1st Dep't 1995).  None of the contracts governing the four construction projects at which the Named Plaintiffs worked meet these

For all of these reasons, the proposed notice should not be distributed to any laborers or foremen who began their employment with Defendants in or after April 2010.

### 2. The Named Plaintiffs Cannot Meet Their Burden for Laborers or Foremen of whom they have no Personal Knowledge

The proposed notice is also overly broad to the extent it applies to laborers and foremen who never worked at any of the same construction sites as those at which the Named Plaintiffs worked.  The evidence submitted in support of the Motion for Conditional Certification is limited to the Named Plaintiffs' individual experiences and personal observations of their fellow laborers at their same construction sites. *See* Morris Decl., ¶¶ 7-8; Gardner Decl., ¶¶ 7-8; Henry Decl., ¶¶ 7-8.  There is no evidence regarding the performance of overtime hours by other laborers and foremen who worked at other construction sites.  Similarly absent is any evidence that laborers and foremen at other construction sites did not receive overtime wages on the rare occasions when required to work overtime hours.  Much to the contrary, various laborers who worked at other construction sites state that they rarely worked more than 40 hours per week and always received overtime premiums when required to work beyond their regular work schedules. Almodovar Decl., ¶¶ 5-6, 10-11; Benitez Decl., ¶¶ 5-6, 10-11; Paz Decl., ¶¶ 5-6, 10-11; Santana Decl., ¶¶ 5-6, 10-11

Courts routinely refuse to authorize a company-wide notice of a collective action under the FLSA when the named plaintiffs rely upon nothing more than their own experiences and observations of their co-workers who worked at their same locations. *See, e.g., Khan v. Airport Mgmt. Servs., LLC*, No. 10 Civ. 7735(NRB), 2011 WL 5597371, at *4-5 (S.D.N.Y. Nov. 16, 2011) (Buchwald, J.); *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820(LTS)(THK), 2011 WL 2693712, at *4 (S.D.N.Y. July 11, 2011); *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-

---

requirements.  *See* Exs. A, B, C, D to Reiter Decl.; *see also* Lettire Decl., ¶ 14.  In any event, the Named Plaintiffs neither allege nor submit any evidence indicating that they were ever owed prevailing wages.

755 (ILG), 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008); *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901(CM)(LMS), 2007 WL 1552511, at *5 (S.D.N.Y. May 29, 2007), *adopted by* Order of May 29, 2007, Dkt. No. 37.; *Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *1-2 (S.D.N.Y. Nov. 6, 2003).

The holding in *Laroque v. Domino's Pizza, LLC* is particularly instructive.  In that case, the four named plaintiffs – all of whom worked as either delivery drivers or customer service representatives at the same work site in Brooklyn, New York – alleged, *inter alia*, that the defendant failed to pay them overtime wages in violation of the FLSA.  *Laroque*, F. Supp. 2d at 348-49.  In their motion for conditional certification, they proposed a collective FLSA action consisting of all fellow delivery drivers and customer service representatives who worked at their same location, as well as all delivery drivers and customer service representatives who worked at five of the defendant's other locations in Brooklyn, New York.  *Id.*  Although *Laroque* conditionally certified the collective action as to those delivery drivers and customer service representatives who worked at the same location as the named plaintiffs, it denied the motion with regard to the five additional work sites at which none of the named plaintiffs ever worked.  *Id.* at 355-56.  The named plaintiffs' personal experiences and observations of their co-workers established that they were similarly situated with delivery drivers and customer service representatives at their work site, but ultimately, "those facts fail[ed] to demonstrate that plaintiffs [were] similarly situated to individuals who worked at a number of different locations, and under a number of different managers."  *Id.* at 355.  Accordingly, *Laroque* held that the proposed notice was overly broad, and the court limited notice of the collective action to only

those delivery drivers and customer service representatives who worked at the same location as the named plaintiffs. *Id.* at 356.

The court in *Lujan v. Cabana Mgmt., Inc.* adopted the same rationale set forth in *Laroque*. *See Lujan*, 2011 WL 317984, at *7-9. In that case, the named plaintiff sought conditional certification of a collective FLSA action for, *inter alia*, unpaid overtime wages allegedly owed to employees who worked at three of the defendant's restaurants in New York and two of the defendant's restaurants in Florida. *Id.* at *1. In support of his motion for conditional certification, the named plaintiff submitted several declarations which set forth personal knowledge of routine wage violations at three of the five restaurants identified in the proposed opt-in notice. *Id.* at *4. Relying upon such declarations, the court in *Lujan* conditionally certified the collective action with respect to employees at the three New York restaurants for which there were admissible evidence, but it declined to allow distribution of the notice to employees at the other two restaurants. *Id.* at *8-9. The court reasoned that notice was improper because there were "no firsthand sworn statements as to any violation at any Florida location during the limitations period." *Id.* at *8.

The same principles set forth in *Laroque* and *Lujan* apply to the case at bar. Like the named plaintiffs in those two cases, the Named Plaintiffs here rely upon nothing more than their personal experiences and observations of loosely identified co-workers who worked at their same work sites. *See* Morris Decl., ¶¶ 7-8; Gardner Decl., ¶¶ 7-8; Henry Decl., ¶¶ 7-8. Additionally, their work schedules substantially depended upon the construction sites to which they were assigned and the discretion of their supervisors for each construction project. Lettire Decl., ¶¶ 9-11; Almodovar Decl., ¶¶ 3, 7-8; Benitez Decl., ¶¶ 3, 7-8; Paz Decl., ¶¶ 3, 7-8; Santana Decl., ¶¶ 3, 7-8. Notably absent from the Named Plaintiffs' declarations is any mention of the work

schedules for employees who worked at other locations, the supervisors at other locations, or the alleged failure to pay overtime wages for work performed at such other locations.  Instead, they ask that their alleged work schedules and failure to receive overtime wages be imputed to all other laborers and foremen who worked within the three-year statute of limitations period, regardless of whether such laborers and foremen worked for different supervisors, at different construction sites, and/or during different time periods.

The only admissible evidence which even arguably purports to relate to a company-wide policy of failing to pay overtime wages is the allegation that Defendant Nicholas Lettire responded, "that's not how we do it," when Named Plaintiff Alfred Morris supposedly asked him about the payment of overtime wages.  *See* Morris Decl., ¶ 9.  However, at most, this alleged statement is ambiguous as to whether Defendants had a company-wide policy not to pay overtime premiums.  Without offering any relevant context, Named Plaintiff Alfred Morris merely speculates that Defendant Nicholas Lettire's alleged statement was "a way of saying that [the Defendants] do not pay overtime."  *Id*.  His declaration omits the precise question he asked and the date, let alone even the year, when Defendant Nicholas Lettire allegedly made the statement.  *See id*.  Furthermore, the alleged statement is substantially rebutted by the declarations of the four laborers who all worked before and after April 2010 and aver that Defendants always paid them one-and-one-half their regular wages for all overtime hours worked.  Almodovar Decl., ¶ 10; Benitez Decl., ¶ 10; Paz Decl., ¶ 10; Santana Decl., ¶ 10; *see also* Lettire Decl., ¶ 13.  Without any other evidence regarding laborers or foremen who worked at different construction sites and/or for different supervisors, Defendant Nicholas Lettire's alleged statement, alone, is insufficient for the Named Plaintiffs to show that they are entitled to distribution of a company-wide notice of the collective action.

For the foregoing reasons, the proposed notice is overly broad to the extent it applies to laborers and foremen who either began their employment with Defendants in or after April 2010 or who never worked at any of the same construction sites as the Named Plaintiffs. Each laborer's and foreman's work schedule, including his performance of overtime work, depended upon the particular demands of the construction site to which he was assigned and the discretion of the supervisor from which he received directions. Lettire Decl., ¶¶ 9-11; Almodovar Decl., ¶¶ 3, 7-8; Benitez Decl., ¶¶ 3, 7-8; Paz Decl., ¶¶ 3, 7-8; Santana Decl., ¶¶ 3, 7-8. Without any evidence related to laborers or foremen who worked under different supervisors and/or at different construction sites, the Named Plaintiffs have not met even their modest evidentiary burden to establish that they are similarly situated with all laborers and foremen throughout Defendants' construction business since January 4, 2009. Accordingly, the Motion for Conditional Certification should be granted only as to those laborers and foremen who worked at one or more of the same construction sites as the Named Plaintiffs and denied as to all other current and former employees.

### C. The Proposed Notice and Consent Form Must be Modified

The proposed notice and consent form for the collective action must be modified in accordance with the limited evidence submitted by the Named Plaintiffs. As discussed above, the Named Plaintiffs concede that Defendants paid them overtime wages in accordance with the FLSA as of April 2010. *See* Compl., ¶¶ 45, 53, 61, 72, 76; Morris Decl., ¶ 5; Gardner Decl., ¶ 5; Henry Decl., ¶ 5. Moreover, the allegation of unpaid prevailing overtime wages after April 2010 is irrelevant for purposes of conditional certification because none of the Named Plaintiffs either worked on a prevailing wage construction project or allege knowledge of any laborer or foremen who failed to receive prevailing overtime wages in violation of the FLSA. *See* Exs. A, B, C, D

11

to Reiter Decl.; Lettire Decl., ¶ 14.  Accordingly, the proposed notice should apply only to those laborers and foremen who Defendants employed from January 4, 2009 through March 31, 2010.

As also discussed above, the Named Plaintiffs submit no evidence of a company-wide policy not to pay overtime wages.  Rather, their evidence in support of conditional certification is limited to their personal experiences and their observations of co-workers who performed construction work at the same construction sites as themselves.  *See* Morris Decl., ¶¶ 7-8; Gardner Decl., ¶¶ 7-8; Henry Decl., ¶¶ 7-8.  There is no evidence that supervisors for other construction projects either assigned their laborers and foremen overtime hours before April 2010, or alternatively, that any laborers and foremen at other construction sites were subject to a company-wide policy not to pay overtime wages.  Therefore, the proposed notice must be modified so that it will apply only to those laborers and foremen who performed work in connection with at least one of the same four construction projects as the Named Plaintiffs, i.e., the Dumont, East 124th Street, Via Verde, and/or Washington construction sites.  Similarly, the proposed consent form should be modified to include a field for potential plaintiffs to confirm that they performed work in connection with at least one of the four construction projects at which the Named Plaintiffs worked.

### D.  Sixty Days is a Sufficient Notice Period

Defendants object to the 90-day notice period set forth within the Named Plaintiffs' proposed notice and consent form.  As a reasonable alternative, Defendants propose a 60-day notice period for potential plaintiffs to return their completed consent forms.  Courts within this district routinely hold that a 60-day notice period is sufficient.  *See, e.g., Diaz v. S & H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676(PGG), 2012 WL 137460, at *8 (S.D.N.Y. Jan. 18, 2012) (*citing Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223, at *3

(S.D.N.Y. May 13, 2009); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107

(S.D.N.Y. 2003); *Bowens v. Atl. Main. Corp.*, 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008)); *Harhash*

*v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285(DAB), 2011 WL 4001072, at *4 (S.D.N.Y. Aug.

25, 2011) (*citing Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451-52

(S.D.N.Y. 2011)).    In contrast, 90-day notice periods are generally reserved for special

circumstances which warrant an extended amount of time for plaintiffs to join the lawsuit.

*Whitehorn*, 767 F. Supp. 2d at 451-52 (citations omitted); *Diaz*, 2012 WL 137460, at *8 (*citing*

*In re Milos Litig.*, No. 08 Civ. 6666(LBS), 2010 WL 199688, at *2 (S.D.N.Y. Jan. 11, 2008));

*Fang v. Zhuang*, No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1,

2010).   For example, the court in *Fang v. Zhuang* permitted a 90-day notice period in order to

accommodate "the frequent, long-term international travel of many of the prospective plaintiffs."

2010 WL 5261197, at *4.

     Here, there are no circumstances which require a longer than usual notice period for

prospective plaintiffs to join the collective action.   Therefore, 60 days is a sufficient amount of

time for similarly situated plaintiffs to deliver their completed consent forms, and the proposed

notice and consent form should be modified accordingly.

### E.  Completed Consent Forms Should be Delivered to the Clerk of the Court

     Defendants further object to the proposed requirement that prospective plaintiffs return

their completed consent forms to the Named Plaintiffs' legal counsel.   This requirement creates

an undue risk that opt-in plaintiffs will believe they are precluded from retaining separate legal

counsel.  *See Diaz*, 2012 WL 137460, at *8 (recognizing a split on this issue but holding that

consent forms should be delivered to the Clerk of the Court); *Hallissey v. Am. Online, Inc.*, 999

Civ. 3785(KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring that completed

consent forms be delivered to the Clerk of the Court in order to avoid discouraging opt-in plaintiffs from retaining their own attorneys); *Lujan*, 2011 WL 317984, at *13 (collecting cases for same).  The proposed notice sets forth only a fleeting reference to prospective plaintiffs' right to "join this lawsuit by counsel of [their] own choosing" and does little to mitigate a lay person's confusion about the implications of completing the consent form.  *See* Proposed Notice, Ex. F to Pelton Decl., § III.  Accordingly, all completed consent forms should be delivered to the Clerk of the Court.

### F.  Distribution of the Proposed Reminder Letter is Completely Unwarranted

Without citing any supporting legal authority, the Named Plaintiffs submit a proposed letter for distribution to the potential plaintiffs as a reminder of the deadline to file completed consent forms.  *See* Proposed Deadline Reminder, Ex. H to Pelton Decl., Dkt. No. 19-8.  Indeed, it is quite telling that the Named Plaintiffs altogether omit any mention of this document within their memorandum of law.  To the extent that the Named Plaintiffs still seek distribution of the proposed reminder letter, Defendants object to the letter as a transparent attempt to badger prospective plaintiffs who otherwise do not wish to join this lawsuit.  The proposed reminder letter does nothing to further educate prospective plaintiffs about the pendency of the collective action or their rights to file consent forms.  Instead, it merely reiterates a fraction of the same information set forth in the proposed notice and amounts to another bite at the apple for the Named Plaintiffs' attorneys.  Accordingly, the request to distribute the proposed reminder letter should be denied.

### G.  Request for the Opportunity to Confer with the Named Plaintiffs

Following resolution of the instant dispute concerning the scope of the collective action, Defendants respectfully request the opportunity to confer with the Named Plaintiffs in order to

submit a joint proposed opt-in notice for the Court's approval and in accordance with the Court's decision of the Motion for Conditional Certification.

## IV.  CONCLUSION

"While plaintiff's burden at this stage is modest, it is not non-existent." *Khan*, 2011 WL 5597371, at *5.  The Named Plaintiffs easily meet their burden as to themselves and their fellow co-workers who they claim to have witnessed work overtime hours without receiving overtime wages, but they wholly fail to introduce any admissible evidence as to laborers and foremen who never worked at any of the same four construction sites at which they themselves worked.  They also ignore their admission that Defendants, at a minimum, paid overtime wages beginning in April 2010.  Therefore, for the reasons stated herein, the Court should limit the proposed notice and consent forms to only those laborers and foremen who worked for Defendants from January 4, 2009 through March 31, 2010 *and* at one or more of the same four construction sites at which the Named Plaintiffs worked.

Dated: New York, New York
       June 15, 2012

                                   s/ Michael J. Volpe
                                Michael J. Volpe
                                Nicholas M. Reiter
                                VENABLE LLP
                                Rockefeller Center
                                1270 Avenue of the Americas, 25th Floor
                                New York, New York 10020
                                (212) 307-5500

                                *Attorneys for Defendants*