**PELTON & ASSOCIATES, PC**
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFRED MORRIS, TERRELL GARDNER and ANDRE HENRY, Individually and on Behalf of All Others Similarly Situated, | ECF Case |
| Plaintiffs, | Civil Action No. 12-cv-0043 (NRB) |
| -against- | |
| LETTIRE CONSTRUCTION, CORP., LETTIRE BUILDERS, INC., LETTIRE 124TH STREET, LLC, URBAN BUILDERS COLLABORATIVE, LLC, NICHOLAS LETTIRE and GERARD LETTIRE, Jointly and Severally, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

ARGUMENT ..................................................................................................................................2

I. DEFENDANTS' UNLAWFUL COMPENSATION STRUCTURE APPLIED TO *ALL* LABORERS, HENCE CONDITIONAL CERTIFICATION IS APPROPRIATE AS TO *ALL* LABORERS ......................................................................2

    A. Plaintiffs' Complaint and Sworn Affidavits Are Sufficient Evidence that the Putative Collective Action Members Are "Similarly Situated" .........................2

    B. Defendants' Argument For Limiting the Scope of Plaintiffs' Collective Action is Both Factually and Legally Unsound .........................................................3

        1. *Defendants' Merit-Based Arguments Are Premature* ...................................5

        2. *Defendants' Cases Are Inapposite* ................................................................6

II. THE NOTICE MUST BE SENT TO ALL LABORERS EMPLOYED BY DEFENDANTS WITHIN THE PAST THREE YEARS .....................................................8

III. SEVERAL OF DEFENDANTS' PROPOSED CHANGES TO THE DISSEMINATION OF NOTICE ARE UNWARRANTED ............................................9

CONCLUSION ..............................................................................................................................10

## PRELIMINARY STATEMENT

Named Plaintiffs Alfred Morris, Terrell Gardner, and Andre Henry (collectively, the "Plaintiffs" or the "Named Plaintiffs") respectfully submit this Memorandum of Law in further support of their motion for conditional certification of a Fair Labor Standards Act (FLSA) collective action.

In their opposition, Defendants acknowledge that Plaintiffs are similarly situated to putative collective action members, but contend that Plaintiffs' employment experiences are limited to the construction sites on which they performed work. Given Defendants' common ownership and management and the modest number of general laborers and labor foremen ("Laborers") employed by Defendants, Defendants' briefing, affidavits and exhibits do not overcome Plaintiffs' allegations of company-wide FLSA violations establishing that *all* Laborers who worked at *all* Defendants' construction sites are similarly situated.

Accordingly, Plaintiffs respectfully request that this Court grant their motion for conditional certification and authorize notice to be issued to *all* Defendants' Laborers.

## STATEMENT OF FACTS

The facts discussed below are of particular relevance to this Memorandum of Law. For all other facts, Plaintiffs respectfully direct the Court to the Statement of Facts in Plaintiffs' initial Memorandum of Law (Dkt. 18) and Class and Collective Action Complaint (Dkt. 1).

(1) Plaintiffs were all paid in exactly the same way: a paycheck from Defendants for their first forty (40) hours of work each week, and cash for hours over forty (40) in a week, with all hours paid at the same hourly rate.[1] Plaintiffs were paid in the same manner without regard to the project on which they were working.

---

[1] Plaintiffs' declarations set forth that certain other Laborers were paid their wages entirely in cash, but were similarly paid at straight-time rates for all hours worked.

(2) Plaintiffs are aware, based on conversations with their colleagues and through witnessing other Laborers receive their wages, that other Laborers employed by Defendants were paid in exactly the same way Defendants paid Plaintiffs – all hours worked were paid at straight-time rates.

(3) Defendants' managerial employees, including "Rocco," John Orsino, Gerard Lettire and Nicholas Lettire were aware that Plaintiffs worked more than forty (40) hours per week but received no overtime.

## ARGUMENT

I. **DEFENDANTS' UNLAWFUL COMPENSATION STRUCTURE APPLIED TO *ALL* LABORERS, HENCE CONDITIONAL CERTIFICATION IS APPROPRIATE AS TO *ALL* LABORERS**

   A. **Plaintiffs' Complaint and Sworn Affidavits Are Sufficient Evidence that the Putative Collective Action Members Are "Similarly Situated'**

Courts very frequently grant motions for conditional certification that rely exclusively on the pleadings and sworn affidavits by the named plaintiffs. *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (listing cases); *Khalil v. Original Homestead Rest.*, No. 07 Civ. 695 (RJH), 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) (granting conditional class certification based on the pleadings, one affidavit, and a consent-to-sue form); *Sipas v. Sammy's Fishbox, Inc.,* No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) (granting conditional class certification based on the pleadings and three affidavits). Only when plaintiffs submit no documentation whatsoever in support of their motion should the Court deny conditional certification. *Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817, at *14-15 (E.D.N.Y. Oct. 11, 2007). Here, Plaintiffs each submitted detailed declarations, in keeping with the norm for required supporting evidence at the conditional certification stage.

2

In their declarations (and in the allegations of the complaint), the Named Plaintiffs set forth some of the factual bases for their claims along with their knowledge of the applicability of their claims to members of the proposed class. Plaintiffs are not attempting to collect a smattering of different overtime violations and convince the court to *infer* a common policy from them; to the contrary, Plaintiffs have identified a specific company-wide policy of paying Laborers at straight-time rates for all hours worked, notwithstanding the fact that Defendants' Laborers frequently worked in excess of forty (40) hours in a week.  This is more than sufficient for the first stage of conditional certification.  *See, e.g., Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class.").[2]

### B. Defendants' Argument for Limiting the Scope of Plaintiffs' Collective Action is Both Factually and Legally Unsound

Despite the many pages Defendants devote to differentiating Laborers who worked on construction sites other than the four (4) sites worked on by the Plaintiffs, Defendants have not – because they cannot – disprove the uniformity of their corporate compensation policy.  Even when companies maintain different work locations, where, like here, such locations are centrally managed, all of the workers should be entitled to notice of the lawsuit. *Harhash v. Infinity West Shoes*, No. 10 Civ. 8285 (DAB), 2011 U.S. Dist. LEXIS 96880, at *8-10 (S.D.N.Y. Aug. 25, 2011); *Siewmungal v. Nelson Mgmt. Group Ltd.*, No. 11 Civ. 5018 (BMC), 2012 U.S. Dist. LEXIS 28181, at *9-10 (E.D.N.Y. March 3, 2012); *Karic v. The Major Automotive Companies,*

---

[2] Since Defendants concede that the Named Plaintiffs are similarly situated to Laborers who worked at the same construction sites as the Named Plaintiffs, Defendants' Opposition focuses on Laborers working in other construction sites.  As such, Plaintiffs herein largely focus on reinforcing that *all* Laborers are similarly situated.

*Inc.*, 799 F. Supp. 2d 219, 227 (E.D.N.Y. 2011). While the Named Plaintiffs and the putative collective action members worked at various construction sites, they were paid by Defendants in the same manner regardless of which construction site they were assigned to work. These facts compel the preliminary conclusion that *all* Laborers at *all* Defendants' construction sites were employed in the same manner. *See, e.g., Ack v. Manhattan Beer Distribs., LLC*, No. 11 Civ. 5582 (CBA) (SMG), 2012 U.S. Dist. LEXIS 67883, at *16-17 (E.D.N.Y. May 15, 2012) ("Based on the evidence presented, or more precisely the lack of any statement to the contrary, it is reasonable to infer that all [putative collective action members] were paid out of defendants' 'home office' and thus all [putative collective action members] regardless of their location were paid in the same manner"); *Siewmungal*, 2012 U.S. Dist. LEXIS 28181, at *10.

Defendants attempt to obscure this reality by alleging that supervisors are responsible for organizing work schedules, including deciding whether to have Laborers work overtime.[3] Importantly however, the potential for scheduling differences at the various construction sites does not change the Defendants' underlying pay practices at issue. *See, e.g., Realite v. Ark Reastaurants Corp.*, 7 F. Supp. 2d 303, 304 (S.D.N.Y. 1998) (approving notice even though "all of the [alleged] violations may not have occurred at each of the [Defendants' locations], and that offending compensation practices may have varied somewhat among the [locations]").

Indeed, courts regularly grant conditional certification on behalf of plaintiffs employed at one facility for a company with multiple facilities where the pay practices are the same at all facilities. *See, e.g.*, *Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595 (RJH), 2011 U.S. Dist. LEXIS 49926, at *9-10 (S.D.N.Y. May 9, 2011); *Siewmungal*, 2012 U.S. Dist. LEXIS 28181, at *9;

---

[3] *See* Def. Opp., Aff. of Nicholas Lettire, ¶¶ 7-11.

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007); *Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, at *4 (S.D.N.Y. Apr. 26, 2000).

Judge Cogan's thoughtful reasoning in *Siewmungal v. Nelson Mgmt. Group Ltd.* is particularly instructive with regard to the instant action. 2012 U.S. Dist. LEXIS 28181, at *9-10 (E.D.N.Y. March 3, 2012). In *Siewmungal*, defendants operated numerous apartment buildings throughout New York City and although plaintiff had only worked in one building and conceded that he did not have first-hand knowledge of the compensation practices or any specific instances of overtime violations at any of defendants' other properties, the court made a reasonable inference, based on, *inter alia*, the fact that the company was centrally operated and that their guards were employed centrally and placed in various properties to perform work, that the defendants employed and paid all of their security guards in the same manner. *Id*. at *8-10. Defendants here have similarly failed to distinguish Laborers who worked at the same projects as the Named Plaintiffs from those working at any other projects.

Given the lenient standard of proof required for the action to proceed as a collective, the viable inferences to be drawn from plaintiffs' evidence support that all of Defendants' Laborers are similarly situated.

### 1.   *Defendants' Merit-Based Arguments Are Premature*

To refute Plaintiffs' allegations, Defendants submit a self-serving affidavit from Defendant Nicholas Lettire, stating that no Defendants "have ever had a policy of not paying overtime" and that he "never told Plaintiff Alfred Morris that Lettire does not pay overtime wages."[4]   However, it is sufficient for plaintiffs to show that a facially lawful policy was

---

[4] *See* Def. Opp., Aff. of Nicholas Lettire, ¶¶ 12, 13. Defendants also submit affidavits from several long-term current employees of Lettire, stating that they rarely worked overtime, but when they did, they received overtime wages. Such affidavits, while unsupported by written documentation or payroll records verifying their assertions, do not undermine the Plaintiffs' declarations and claims to the contrary. *See Winfield v. Citibank, N.A.*, No. 10 Civ.

commonly violated in practice, resulting in a pattern or practice of FLSA violations. *See, e.g., Levy v. Verizon Info. Servs.*, 06 Civ. 1583 (NG) (SMG), 2007 U.S. Dist. LEXIS 43223, at *6 (E.D.N.Y. June 13, 2007) (granting conditional certification despite argument that defendant's written policy requiring payment of overtime meant that "any deviations from this provision . . . are at best isolated incidents and do not implicate the company's overtime policy"). This is exactly what Plaintiffs have done here. Plaintiffs uniformly report in their declarations and the complaint that Defendants failed to pay them and their co-workers time and one-half their regular hourly rate for their work in excess of forty (40) hours in a week on *every* construction project on which they worked for Defendants.

### 2. *Defendants' Cases Are Inapposite*

Defendants' reliance on cases where conditional certification was limited to only the locations where the named plaintiffs worked is misplaced. Despite Defendants' best efforts to convince the court otherwise, this isn't a case where Defendants maintain separate business operations with isolated groups of employees that work at a distinct location for the duration of their employment, such as chain restaurants or retail stores. Defendants' business is construction at various active sites with a single central office location.[5] Accordingly, when one construction project is completed, the Laborers move on to work on the next construction site. The work of a Laborer is necessarily transient among different sites. Defendants acknowledge this fact when recognizing that half of Lettire's employees work in their office and the other half works out in

---

7304 (JGK), 2012 U.S. Dist. LEXIS 16449, at * 25 n.6 (S.D.N.Y. Jan. 27, 2012) (Refusing to credit defendants' affidivits because "the plaintiffs have not had an opportunity to depose these declarants, and courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certifications process."); s*ee also In re Penthouse Executive Club Comp. Litig.*, No. 10 Civ. 1145, 2010 U.S. Dist. LEXIS 114743, at *12 (S.D.N.Y. Oct. 27, 2010) (defendants' submissions of competing affidavits "amounts to a premature request to make credibility determinations and factual findings, something that is inappropriate at the notice stage").

[5] *See* Def. Opp., Aff. of Nicholas Lettire, ¶¶ 3, 4.

the field at the active construction sites.[6]   Notably, Defendants do not however provide any evidence that the payroll processing or policies are different for the various construction sites.

In their opposition, Defendants rely heavily on two cases in support of their argument that conditional certification should be limited to construction sites where the Named Plaintiffs performed work.  Both cases are easily distinguished from the case at bar.  In *Laroque v. Domino's Pizza, LLC*, the plaintiffs were unable to allege a unlawful company-wide policy, and thus they unsuccessfully tried to turn a number of different isolated FLSA violations into a policy.  557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008).  In *Lujan v. Cabana Mgmt., Inc.*, the plaintiffs were unable to provide sufficient evidence of a company-wide policy or practice that violated the FLSA because the plaintiffs had only worked in the New York locations and proferred only hearsay evidence regarding the Florida locations. No. 10 Civ. 755  (ILG), 2011 U.S. Dist. LEXIS 9542, at * 25-30 (E.D.N.Y. Feb. 1, 2011).  Both of the Florida locations were owned by distinct LLCs not before the court and plaintiffs failed to provide evidence that the Florida locations shared even the same general management as the New York locations. *Id*.

Unlike in *Laroque*, Plaintiffs here have established a company-wide policy of failing to pay overtime premiums for work performed in excess of forty hours in a week.  Plaintiffs have offered evidence of a consistent policy no matter which construction site they were assigned to.  In addition, Plaintiffs reinforce their claims through evidence that Defendants' owners, supervisors and managers were all aware of the Defendnants' policy to not pay overtime. Moreover, unlike in *Lujan*, Defendants here are centrally owned and managed, the construction sites are all within the New York City area, and Plaintiffs all held positions that Defendants acknowledge exist at all Defendants' construction sites, i.e., general laborers and labor foremen.

---

[6] *Id*. at ¶ 4.

The cases relied upon by Defendants are distinguishable on their facts and do not warrant limiting the collective action to the construction sites on which the Named Plaintiffs worked.

## II. THE NOTICE MUST BE SENT TO ALL LABORERS EMPLOYED BY DEFENDANTS WITHIN THE PAST THREE YEARS

While Plaintiffs acknowledge that they began to receive overtime premiums in or around April 2010, this does not change the fact that the statute of limitations on the FLSA collective action is three years for the willful violations alleged in the action. *See* 29 U.S.C. § 216(b).  If for some reason the Plaintiffs were mistaken about the dates in which they began receiving overtime, the putative collective action members who worked there after April 2010 would suffer by not receiveing notice of this lawsuit and thus having to bring another suit against the Defendants for violations that occurred after April 2010.  Such a situation is contrary to the FLSA's broad remedial purpose and promotion of efficient case management. *See Hoffman v. Sbarro*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Moreover, the fact that the Named Plaintiffs may not have any violations after April 2010, does not preclude other Laborers from being similarly situated, if they in fact had overtime violations within the statutory period. *See, e.g., Guzman v. VLM, Inc.*, No. 07 Civ. 1126 (JG) (RER), 2007 U.S. Dist. LEXIS 75817, at * 19-20 (E.D.N.Y. Oct. 11, 2007) (rejecting defendant's contention that the notice period should be limited to the dates that plaintiffs worked for defendants because plaintiffs cannot be "similarly situated" to any employee after that point). Indeed, courts have authorized notice to putative class members even where they may not have any FLSA claims, based on the underlying state law claims.[7] *See, e.g.*, *Harhash v. Infinity West Shoes*, No. 10 Civ. 8285 (DAB), 2011 U.S. Dist. LEXIS 96880, at *11 (S.D.N.Y. Aug. 25, 2011)

---

[7] Courts have authorized a notice period of six years where New York state law claims are involved. *Jemine v. Dennis*, No. 08 Civ. 3072 (RRM)(MDG), 2009 U.S. Dist. LEXIS 24870, at *3-4 (E.D.N.Y. March 26, 2009); *Guzman*, 2007 U.S. Dist. LEXIS 75817, at *18-19; *Realite*, 7 F. Supp. 2d at 308 n.4; *Harrington v. Educ. Mgmt. Corp.*, No. 02 Civ. 0787(HB), 2002 U.S. Dist. LEXIS 10966, at *5-6 (S.D.N.Y. June 19, 2002).

("[C]ourts in this District routiney deny requests to limit the Notice time period, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL.") (citing *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557 (JGK), 2011 U.S. Dist. LEXIS 60338, at *19-21 (S.D.N.Y. June 6, 2011)); *see also Cano v. Four M Food Corp.*, No. 08 Civ. 3005 (JFB) (AKT), 2009 U.S. Dist. LEXIS 7780, at * 32-33 (E.D.N.Y. Feb. 3, 2009) (approving notice to workers with state-only claims in light of the court's supplemental jurisdiction over such claims).

The widely accepted practice throughout the Second Circuit is to use the three-year period when sending notice of the conditionally certified collective action. *See*, *e.g.*, *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, at *7 (E.D.N.Y. Feb. 10, 2012); *Rosario v. Valentine Ave. Disc. Store, Co.*, 2011 U.S. Dist. LEXIS 126634, at *26-27 (S.D.N.Y. Nov. 2, 2011); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). The facts of this action do not warrant any deviation from this practice.

### III.  SEVERAL OF DEFENDANTS' PROPOSED CHANGES TO THE DISSEMINATION OF NOTICE ARE UNWARRANTED

While Defendants' arguments as to the overbreadth of the notice should be dealt with through the Court's ruling as to the scope of the collective action, Plaintiffs breifly address in turn Defendants' objections involving procedural issues with respect to the notice scheme.

1. <u>Notice Period</u>: Although Plaintiffs initially requested a 90-day opt-in period, Plaintiffs are willing to concede that the 60-day period proposed by Defendants is reasonable under the circumstances.

2. <u>Consent Form Filing</u>: In recognizing that there is a split of authority regarding where consent forms should be sent by opt-in plaintiffs, Plaintiffs propose that opt-in plaintiffs who choose to retain another lawyer should return their consent form to the Clerk of the Court, while

9

opt-in plaintiffs who will be represented by Plaintiffs' counsel should return the consent form to Plaintiffs' counsel. *See Siewmungal,* 2012 U.S. Dist. LEXIS 28181, at *13. This would allow Plaintiffs' counsel the opportunity to evaluate and advise whether or not putative opt-in plaintiffs have valid claims prior to joining in the action.

    3. <u>Reminder Letter</u>: Based upon the FLSA's broad remedial purpose and promotion of efficient case management through notification and joinder of claims, the reminder notice serves an important purpose of notifying potential collective action members that their right to join the instant lawsuit is limited. Likewise, courts have discretion in regulating class actions and protecting plaintiffs' First Amendment rights to communicate with prospective putative collective and class action members. *See Hinterberger v. Catholic Health Sys., Inc.*, No. 08 Civ. 380S (LGF), 2010 U.S. Dist. LEXIS 96435, at *33 (W.D.N.Y. May 13, 2010) ("[C]ourt-imposed restrictions on an attorney's ability to communicate with prospective class members ... unless factually justified, 'involve serious restraints on expression,' protected by the First Amendment.") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981)). The reminder letter is especially important here now that Plaintiffs have agreed to a 60-day opt-in period.

## CONCLUSION

    As explained above, there is strong evidence, even at this early stage of the case, that Plaintiffs and *all* Defendants' Laborers are 'similarly situated' as that term is defined by the FLSA. Therefore, Plaintiffs respectfully request that this Court grant their motion for conditional certification and notice to the class in its entirety.

Dated: New York, New York
        June 29, 2012                       PELTON & ASSOCIATES, PC

                                              By:   /s/ Brent Pelton
                                              Brent E. Pelton (BP 1055)

                                      Taylor B. Graham (TG 9607)
                                      111 Broadway, Suite 901
                                      New York, New York 10006
                                      Telephone: (212) 385-9700
                                      Facsimile: (212) 385-0800

                                      *Attorneys for Plaintiffs, Individually, and*
                                      *on Behalf of All Other Persons Similarly Situated*