USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 4/22/2014 __

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**ALFRED MORRIS, et al.,**

                                          **Plaintiffs,**

                         **-against-**

**LETTIRE CONSTRUCTION, CORP., el al.,**

                                          **Defendants.**

-------------------------------------------------------------X

**12-CV-00043 (NRB)(SN)**

**REPORT &**
**RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE NAOMI R. BUCHWALD:**

On March 12, 2014, the parties appeared before me for a settlement conference and reached an agreement in principle to resolve the case, pending approval by the opt-in plaintiffs. On April 21, 2014, counsel for plaintiffs informed the Court that the parties had agreed that the settlement would be effective as long as no more than one opt-in plaintiff had not yet signed the agreement. The Court has further been informed that all but one opt-in plaintiff have executed the settlement agreement; the remaining opt-in plaintiff is out of the country, but will be entitled to his individual allocation of the settlement once he signs the agreement, if he chooses. It is anticipated that the defendants will execute the agreement by April 25, 2014, and a stipulation of dismissal will be filed with the Court. Upon review of the parties' pleadings and *ex parte* submissions and based on the confidential discussions with each side, I find that the settlement agreement reached at the settlement conference was fair and reasonable and recommend that the Court approve the stipulation of dismissal.

The plaintiffs brought their case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"). The complaint asserts generally that, during their employment at Lettire Construction, their employers failed to pay them prevailing wages and overtime compensation, as required by the FLSA and NYLL.

At the settlement conference, parties were represented by counsel, and the negotiations were at arm's length. The settlement agreement is in the best interests of all parties because of the litigation risks and the anticipated burdens and expenses in establishing the parties' respective claims and defenses.

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n. 8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on dicta in D.A. Schulte, several courts of appeal have opined that district courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Court of Appeals for the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

In light of the disputed facts raised in this case, I recommend the approval of this settlement agreement as a fair and reasonable resolution of this case. See Johnson v. Brennan, 10 Civ. 04712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); Lynn's Food Stores, Inc., 679 F.2d 1350 (holding that a court may enter a judgment that does not reflect full payment of FLSA back wage or liquidated damage claims if it determines that the amount is a fair and reasonable resolution of a bona fide FLSA dispute).

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            April 22, 2014